

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV–15–201

| | |
|---|---|
| PENNY BRINKLEY<br><br>APPELLANT<br><br>V.<br><br><br>ARKANSAS DEPARTMENT OF HUMAN SERVICES AND P.B., A MINOR<br><br>APPELLEES | **Opinion Delivered** SEPTEMBER 23, 2015<br><br>APPEAL FROM THE WHITE COUNTY CIRCUIT COURT [NO. JV-2013-168]<br><br>HONORABLE ROBERT EDWARDS, JUDGE<br><br>AFFIRMED; MOTION TO WITHDRAW GRANTED |

**BART F. VIRDEN, Judge**

This is an appeal from an order terminating the parental rights of appellant Penny Brinkley to her minor child, P.B. Brinkley's attorney has filed a motion to be relieved as counsel and a no-merit brief pursuant to *Linker-Flores v. Arkansas Department of Human Services*, 359 Ark. 131, 194 S.W.3d 739 (2004), and Arkansas Supreme Court Rule 6-9(i), asserting that there are no issues of arguable merit to support the appeal. Counsel's brief explains why there is no meritorious ground for reversal and that there were no adverse rulings. The clerk of this court sent copies of the brief and motion to be relieved to Brinkley's last known address, informing her that she had the right to file pro se points for reversal under Ark. Sup. Ct. R. 6-9(i)(3). Brinkley exercised her right to file pro se points on appeal. Neither the Arkansas Department of Human Services (DHS) nor the attorney ad litem filed a responsive brief.

The record shows that P.B. was initially removed from Brinkley's custody because of

P.B.'s diagnosis of failure to thrive and Brinkley's refusal to take the child to Arkansas Children's Hospital despite the pediatrician's direction to do so. P.B. was adjudicated dependent–neglected after a hearing on the matter. Brinkley's non compliance with the case plan at every subsequent hearing constitutes clear grounds for termination of parental rights. Brinkley's only compliance with the case plan occurred while she was incarcerated and only after the permanency-planning hearing. The Arkansas Department of Human Services sought termination of Brinkley's parental rights through a petition filed on September 14, 2014, alleging that termination was in the child's best interest. DHS also alleged Brinkley was unfit under (1) Arkansas Code Annotated section 9-27-341(b)(3)(B)(i)(a), which allows for termination if, essentially, the children have remained out of the home in excess of twelve months and the conditions that brought the children in to care had not been corrected despite the offer of meaningful services by DHS, and (2) Arkansas Code Annotated section 9-27-341 (b)(3)(B)(vii)(a), known as the "subsequent other factors or issues" ground. At the hearing, there was evidence presented that P.B. was adoptable, that there was potential for harm if the child was returned to Brinkley's custody, that subsequent issues had arisen after the filing of the original petition, and that DHS had made reasonable efforts at every stage of the case. The circuit court found that the statutory grounds alleged in the petition had been proved and that it was in the child's best interests to terminate parental rights considering the likelihood of adoption and the potential for harm if returned to Brinkley's custody. The circuit court granted the petition on December 12, 2014.

Based on our examination of the record and the briefs presented to us, we find that

SLIP OPINION

counsel has complied with the requirements established by the Arkansas Supreme Court for no-merit briefs in termination cases, and we hold that the appeal is wholly without merit. Accordingly, by memorandum opinion, we affirm the termination of Brinkley's parental rights to P.B. *In re Memorandum Opinions*, 16 Ark. App. 301, 700 S.W.2d 63 (1985); Ark. Sup. Ct. R. 5-2(e) (2015). We also grant counsel's motion to withdraw.

Affirmed; motion to withdraw granted.

GLOVER and VAUGHT, JJ., agree.

*Suzanne Ritter Lumpkin*, Arkansas Public Defender Commission, for appellant.

No response.